JOHN HARRIS PAER  1551-0
41 B Kepola Place
Honolulu, Hawai`i  96817
Telephone No.: (808) 595-7179
Facsimile No.: (808) 595-3918
email: paerj001@hawaii.rr.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| JUDITH CLARK, | ) | CIVIL NO. 07-00183 ACK-LEK |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATIONS |
| | ) | GRANTING PLAINTIFF'S MOTION |
| vs. | ) | FOR DEFAULT JUDGMENT |
| | ) | |
| UNIVERSAL DEBT SOLUTIONS, INC. | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | DATE:  July 6, 2007 |
| | ) | TIME:  9:00 a.m. |
| | ) | JUDGE: Leslie E. Kobayashi |
| | ) | |
| | ) | |

FINDINGS AND RECOMMENDATIONS GRANTING
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Plaintiff's Motion for Default Judgment came on
regularly for hearing on July 6, 2007 at 9:00 a.m.  John Harris
Paer appeared on behalf of Plaintiff.  No one appeared on behalf
of Defendant.  The clerk made three calls for an appearance by
Defendant and no one answered.  Based on the instant motion, the
exhibits attached thereto, and the entire record in this case,
this Court makes the following findings and recommendations.

1

<u>FINDINGS</u>

1.   Defendant is a collection agency and debt collector, unlicensed and unregistered in the state of Hawai`i.

2.   On or about March 20, 2007, Defendant sent its first collection letter to Plaintiff, a copy of which is attached to the complaint.

3.   The underlying debt was primarily for consumer purposes.

4.   Defendant called Plaintiff numerous times by telephone, even after Plaintiff gave Defendant her attorney's name and telephone number.

5.   Defendant's collection letter demands full payment within 10 days and threatens Plaintiff's credit rating.

6.   The letter requires that disputes be made in writing.

7.   On April 4, 2007 Plaintiff filed her complaint in two counts claiming violations of both the Fair Debt Collection Practices Act as well as HRS Chapter 480.

8.   Defendant was properly served with the complaint on April 13, 2007, but failed to respond.

9.   The clerk of this Court entered default on May 15, 2007.

10.   Defendant was served with the request for default and entry of default.

11.   On June 4, 2007, Plaintiff filed her motion for default judgment.

2

12.   Plaintiff claimed and this Court finds that Plaintiff suffered emotional harm by the continued calls, harassment and rude behavior on the part of Defendant's employees, even after Plaintiff had informed them that she was represented by counsel.

13.   Plaintiff suffered emotional distress in the form of headaches, stomach ached, loss of sleep, fear, panic, nervousness, anxiety, worry, embarrassment, and stress.

14.   As a result, Plaintiff saw her physician who gave her a prescription of a tranquilizer.

15.   Plaintiff suffered out of pocket damages of not less than $124.98.

<u>RECOMMENDATIONS</u>

16.   Based on the above findings, this Court recommends that the motion for default judgment be granted.

17.   This Court recommends that judgment be awarded to Plaintiff as follows:

a.   Statutory damages in the amount of $1000.00 for the Fair Debt Collection Practices Act violations.   <u>Camacho v. Bridgeport Financial, Inc.</u>, 430 F.3d 1078 (9th Cir. 2005); 15 U.S.C. § 1692c.

b.   Statutory damages in the amount of $1000.00 for the HRS Chapter 480 violations.   Haw. Rev. Stat. §§ 443B-3 and 480-2.

c.   Actual damages in the amount of $10,000.00 for emotional harm.   <u>Guimond v. TransUnion Credit Information Co.</u>, 45

F. 3d 1333 (9th Cir. 1995); <u>Smith v. Law Office of Mitchell N.</u>
<u>Kay</u>, 124 B.R. 182 (D. Del. 1991); <u>McGrady v. Nissan Motor</u>
<u>Acceptance Corp.</u>, 40 F. Supp. 2d 1323 (M.D. Ala. 1988); <u>Boris v.</u>
<u>Choicepoint Service, Inc.</u>, 249 F. Supp. 2d 851 (W.D. Ky. 2003).

   d. Reasonable attorneys fees and costs. 15 U.S.C.
§ 1692k and Haw. Rev. Stat. § 480-13.

  18. The Court has reviewed the fee declaration of
Plaintiff's counsel and finds that the requested rate of $350.00
per hour is unreasonable. Instead, based on this Court's
knowledge of the prevailing rates and Mr. Paer's submissions in
this case, this Court finds that a rate of $280.00 per hour is
manifestly reasonable and is in line with the customary charges
of counsel in this community with similar length of practice and
expertise in this area of law.

  19. Although Mr. Paer requested a total of 30.60 hours,
this Court, in its discretion, first reduces his hours by .25
hours because the tracking of the service letter on April 19,
2007, was clerical in nature. Clerical or ministerial costs are
part of an attorney's overhead and are reflected in the charged
hourly rate. <u>See</u>, <u>e.g.</u>, <u>Sheffer v. Experian Info. Solutions,</u>
<u>Inc.</u>, 290 F. Supp. 2d 538, 549 (E.D. Pa. 2003). The Court
further reduces Mr. Paer's requested hours because he primarily
billed in quarter-hour increments. Although an attorney "is not
required to record in great detail how each minute of his time

4

was expended[,]" an attorney "at least . . . should identify the general subject matter of his time expenditures." <u>Hensley</u>, 461 U.S. at 437 n.12 (citation omitted).  Courts in other districts have reduced fee awards due to the attorneys' practice of rounding off entries to the nearest quarter hour.  <u>See</u>, <u>e.g.</u>, <u>Zucker v. Occidental Petroleum Corp.</u>, 968 F. Supp. 1396, 1403 (C.D. Cal. 1997) (reducing fee award by five percent); <u>Miller v. Bowen</u>, 639 F. Supp. 832, 836 (E.D.N.C. 1986) (ordering a twenty-five percent reduction in attorneys' fee award for reasons including the use of quarter-hour increments to record time). Moreover, while such a billing practice may appear harmless on its face, over the course of litigation, use of such a billing method may result in unearned legal fees.  In 2005, the Court cautioned Mr. Paer that the use of quarter-hour increment billing could result in the imposition of a percentage reduction. The Court therefore finds that ten percent is a reasonable reduction and that 27.32 hours was a reasonable and necessary expenditure of time in this case.

   20.  Thus, this Court recommends that Plaintiff be awarded judgment in the amount of $12,000.00 damages together with reasonable attorneys fees of $7,993.83 together with costs of Court in the amount of $350.00, for a total of $20,343.83.

DATED:  Honolulu, Hawai`I, July 24, 2007.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

JUDITH CLARK V. UNIVERSAL DEBT SOLUTIONS, INC.; CIVIL NO. 07-
00183 ACK-LEK; FINDINGS AND RECOMMENDATIONS GRANTING PLAINTIFF'S
MOTION FOR DEFAULT JUDGMENT